IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STEVEN R. HOEME, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-050 |
| | § | |
| UNION PACIFIC RAILROAD CO., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

This F.E.L.A. case arises out of injuries allegedly sustained by Steven R. Hoeme ("Plaintiff") while employed by the Union Pacific Railroad Company ("Defendant"). Now before the Court comes Defendant's Motion to Transfer Venue to the United States District Court for the District of Kansas. For the reasons stated below, Defendant's Motion is **GRANTED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries on or about October 6, 2003, when he dismounted from a rail car and tripped on debris. Plaintiff has resided in Pratt, Kansas at all relevant times.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

**III. Analysis**

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that the availability and convenience of key witnesses would be increased by transfer to the District of Kansas. To support this argument, Defendant points out that Plaintiff and all of his co-workers who may have witnessed the accident or conditions surrounding the accident reside in Kansas. The employee witnesses contemplated by Defendant can be compelled to testify, so their convenience is entitled to less weight that it might otherwise be afforded. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). However, Plaintiff has been treated by several healthcare providers in Kansas who are outside the subpoena power of this Court.

Plaintiff responds that his expert economist, vocational expert, and liability expert all reside in Texas. Plaintiff can compel his expert witnesses to attend trial.

Given that all of the witnesses identified other than the healthcare providers can be compelled to attend trial in any location, this factor weighs slightly in favor of transfer.

*B. Cost of Trial*

Since there are witnesses in both Texas and Kansas, there is no reason to believe that the cost of trial in either locale will be substantially greater. This factor does not weigh for or against transfer.

*C. Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that it will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

*D. Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entitled to less deference here since Plaintiff does not reside in this District. Other than the location of Plaintiff's expert witnesses, individuals that Plaintiff came into contact with after he incurred his alleged injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to little or no deference. *See, e.g.*, *Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). This factor does not weigh for or against transfer.

*E. Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in the District of Kansas. Apparently, the incident giving rise to this lawsuit occurred entirely within Kansas and involved Kansas residents. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

*F. Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). This case is not set for trial until March 26, 2007. Transfer at this early stage in the litigation will not cause significant delay.

## IV. Conclusion

After examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that Defendant has carried its burden of demonstrating that transferring this case to

the District of Kansas would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **GRANTED**. This case is hereby **TRANSFERRED** to the United States District Court for the District of Kansas. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 1st day of May, 2006 at Galveston, Texas.

Samuel B. Kent
United States District Judge